UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YONG GUO,

    Petitioner,

v.

KRISTEN NIELSON, *et al.*,

    Respondents.

Case No. C18-1557-RSM-BAT

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Petitioner Yong Guo's Petition for habeas relief, the Government's Motion to Dismiss, and a Report and Recommendation prepared in response to those materials. Dkts. #1, #8, and #13. Yong Guo, who is currently detained at the Northwest Detention Center in Tacoma, Washington, brings this 28 U.S.C. § 2241 immigration habeas action pro se to obtain release from detention or a bond hearing. The Government has moved to dismiss, and Mr. Guo opposes dismissal. For the reasons stated below, the Court declines to adopt the Report and Recommendation in full, DENIES the Petition and GRANTS the Motion to Dismiss.

## II. BACKGROUND

The Court adopts and incorporates the facts as stated by the Honorable Brian A. Tsuchida in the Report and Recommendation at Dkt. #13.

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS - 1

### III. DISCUSSION

#### A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Mr. Guo challenges the lawfulness of his detention and also complains about his removal proceedings. *See* Dkt. 5. Federal district courts have habeas jurisdiction to review bond hearing determinations for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). They do not, however, have jurisdiction over claims that directly or indirectly challenge an order of removal. *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (exclusive jurisdiction over claims that directly or indirectly challenge a removal order is vested in the courts of appeals); 8 U.S.C. § 1252(a)(5) (petition for review to the appropriate court of appeals is the "sole and exclusive means for judicial review" of a final order of removal). Accordingly, the Court has jurisdiction to consider Mr. Guo's challenges to his detention but not his removal proceedings.

#### B. Release

The Court agrees with and adopts the Report and Recommendation as to the issue of Mr. Guo's request for release from detention. *See* Dkt. #13 at 7–8.

### C. New Bond Hearing

An Immigration Judge's ("IJ") discretionary decision to deny bond is not subject to judicial review. 8 U.S.C. § 1226(e); *see also Romero-Torres v. Ashcroft*, 327 F.3d 887, 891-92 (9th Cir. 2003). But federal district courts do have habeas jurisdiction to review bond hearing determinations for constitutional claims and legal error. *Singh*, 638 F.3d at 1200. Habeas jurisdiction over such legal and constitutional claims is proper only if they are "colorable," *i.e.*, "the claim must have some possible validity." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001) (quotation marks omitted).

Under previous Ninth Circuit authority, the government was required to provide automatic bond hearings every six months to noncitizens who were detained pursuant to § 236(a) as a matter of statutory interpretation. *Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir. 2015), *rev'd sub nom Jennings v. Rodriguez*, 138 S. Ct 830 (2018). At such bond hearings the Government bore the burden of establishing by clear and convincing evidence that a noncitizen was either a danger to the community or a flight risk. *Id.* at 1074, 1087. The Supreme Court reversed *Rodriguez* in *Jennings*, holding that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention" and that "[n]othing in § 1226(a)'s text . . . supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." *Id.* at 847.

In this case, Mr. Guo argues that his continued detention violates due process and that the IJ failed to cite "factual proof" to justify the dangerousness finding. Dkt. #5 at 2. He also notes that the IJ did not issue a written decision. *Id.* The Government countered in initial

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS - 3

briefing that Mr. Guo has received two bond determinations and that absent procedural deficiencies, he is not entitled to repeated bond hearings. Dkt. #8 at 7.

The Report and Recommendation finds that there is a procedural deficiency in that the Government has not provided a contemporaneous recording of the bond hearing. Dkt. #13 at 8. In *Singh*, the Ninth Circuit held that due process requires the government to provide contemporaneous records for prolonged detention bond hearings. 638 F.3d at 1208. Although *Singh* involved a noncitizen who had been detained for a prolonged period of time, the Report and Recommendation finds that "the contemporaneous record requirement applies to the initial bond redetermination hearing Mr. Guo received." Dkt. #13 at 9.

In its Objections, the Government argues:

> The Report and Recommendation erroneously finds a procedural deficiency because of a lack of a contemporaneous recording for bond hearing of non-citizen that had been detained for approximately 95 days. *See* Dkt. 9-4. The Ninth Circuit requires contemporaneous recordings for bond hearings for prolonged detentions. *Rodriguez,* 715 F.3d at 1136. "Prolonged detention" has been defined as more than six months (180 days). *Diouf v. Napolitano*, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011). Because the bond hearing at issue was not required to have a contemporaneous recording, no procedural deficiency has been committed. The Court should affirm the IJ's ruling denying bond to the Petitioner…. The Report exponentially expands *Singh* to require contemporaneous recordings for all bond hearings, instead of just prolonged detention bond hearings. *Id*.

Dkt. #15 at 5.

The Government is correct that the case law cited in the Report and Recommendation does not stand for the proposition that a contemporaneous recording is required for all bond hearings, and that Mr. Guo was not entitled to a contemporaneous recording at his bond hearing given that he was not held in prolonged detention. The record fails to demonstrate a procedural deficiency and thus there is no basis for this Court to order a new bond hearing at this time.

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING RESPONDENTS' MOTION TO DISMISS - 4

Accordingly, the Court declines to adopt this portion of the Report and Recommendation. The Court further finds that the Government's Motion to Dismiss should be granted as to Mr. Guo's due process claim.

### D. Eighth Amendment Violation

The Court agrees with and adopts the Report and Recommendation as to the issue of Mr. Guo's claim for violation of the Eighth Amendment. *See* Dkt. #13 at 10–11.

### IV. CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation, the relevant pleadings, the Declarations and Exhibits attached thereto, and the remainder of the record, the Court ORDERS:

1. The Court ADOPTS the Report and Recommendation as to the issues of Mr. Guo's request for release from detention and claim for violation of the Eighth Amendment.

2. The Court DECLINES to adopt the Report and Recommendation as to the issue of a new bond hearing. Mr. Guo is not entitled to a new bond hearing for the reasons stated above, and the Government's Motion to Dismiss is properly granted as to this issue.

3. Petitioner's petition for writ of Habeas Corpus, Dkt. #5, is DENIED.

4. The Government's Motion to Dismiss, Dkt. #8, is GRANTED.

5. This matter is now CLOSED.

DATED this 18 day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE