UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YONG GUO,

    Petitioner,

v.

KRISTEN NIELSON, *et al.*,

    Respondents.

Case No. C18-1557 RSM

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION FOR RELEASE

This matter comes before the Court on Petitioner Yong Guo's Motion for Reconsideration (Dkt. #19) and "Urgent Request to Release," (Dkt #21).

Petitioner's Motion for Reconsideration was received and docketed by the Court on July 22, 2019. *Id.* Petitioner dated his filing July 8, 2019, but it was not postmarked until July 19, 2019. *Id.* Petitioner moves the Court to reconsider the June 18, 2019, Order dismissing this petition, arguing that the Court erred by disregarding certain facts. Petitioner reiterates facts and legal arguments already presented to the Court. For example, Petitioner reiterates his objections to his continued detention, the failure of ICE to conduct reviews with written decisions, and alleged due process violations pertaining to his hearing before an immigration judge. Petitioner cites no new legal authority.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION FOR RELEASE - 1

showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. Motions for reconsideration must be filed within fourteen days after the order to which it relates is filed. LCR 7(h)(2).

As an initial matter, the Court finds Petitioner's Motion for Reconsideration to be untimely. A timely motion for reconsideration in this case would have been filed no later than July 2, 2019. Petitioner did not draft this Motion until a week after that deadline, it was not postmarked until two weeks after that, and it was not received by the Court until the following Monday. For this reason alone, this Motion is properly dismissed.

Despite this procedural error, the Court has examined the substance of Petitioner's Motion. Petitioner has failed to show manifest error in the Court's prior ruling or present new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. The Court continues to find that Petitioner is not entitled to release for the reasons previously articulated. *See* Dkt. #13 at 7–8. The Court continues to find that the record fails to demonstrate a procedural deficiency with Petitioner's original bond hearing, and that the Supreme Court has ruled in *Jennings v. Rodriguez*, 138 S. Ct 830 (2018), that aliens detained under §1226(a) are entitled to receive bond hearings at the outset of detention but are not entitled to periodic bond hearings every six months. *See* Dkt. #17 at 3–4. Accordingly, the Motion for Reconsideration will be denied.

The Court has also examined Petitioner's "Urgent Request to Release." Petitioner argues several family health and financial issues demand his immediate release from detention for humanitarian reasons. Dkt. #21. Although the Court is sympathetic to Petitioner's situation, the Court notes he has addressed the filing "to whom it may concern/Director of ICE

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION FOR RELEASE - 2

Field Office," and that he provides no legal basis for the Court to intervene and order his release based on this filing. Accordingly, this Motion too will be denied.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion for Reconsideration (Dkt. #19) and Petitioner's Motion for Release (Dkt. #21) are DENIED.

DATED this 1st day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE